# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CARLTON LAMAR ENGLEBERT, JR. ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 2:16-cv-0574-LSC-JEO |
| ) | |
| WILLIE THOMAS, Warden, et al. ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2254 by Petitioner Carlton Lamar Englebert, Jr., an Alabama state prisoner acting *pro se*. (Doc.[1] 1). The magistrate judge to whom the case was referred for preliminary review has entered a report and recommendation ("R&R"), *see* 28 U.S.C. § 636(b), FED. R. CIV. P. 72(b)(1), LR 72.1(b)(3)(A), recommending that the petition be denied on the ground that Petitioner failed to exhaust available state remedies. (Doc. 8). Petitioner has now filed timely objections to the R&R. (Doc. 9).

## I.

In 2011, Englebert pled guilty in the Circuit Court of Shelby County, Alabama, to possession of obscene material, in violation of Ala. Code § 13A-5-6(a)(5) (1975), and to two counts of sexual abuse of a child less than twelve years of age, in violation of Ala. Code §

---

[1] References to "Doc(s)___" are to the documents number of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of the Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF system, which may not correspond to pagination on the original "hard copy" presented for filing.

l3A-6-69.l. On February 9, 2011, he was sentenced, in accordance with his plea agreements, to three concurrent fifteen-year sentences. He did not pursue a direct appeal.

On November 18, 2014, Englebert filed a *pro se* petition in the state trial court seeking post-conviction relief pursuant to Rule 32, ALA. R. CRIM. P. In that Rule 32 petition he argued: (1) that he was entitled to an out-of-time appeal because he had been denied access to a law library, (2) that he received ineffective assistance of counsel because trial counsel did not correctly advise him regarding his ineligibility for parole and Class I Correctional Incentive Time; and (3) that his guilty plea was involuntary. On December 31, 2014, the state trial court dismissed the Rule 32 petition, finding his claims to be without merit or untimely filed under Rule 32.2(c), ALA. R. CRIM. P.[2]

Englebert appealed. According to Englebert, at some unspecified point during the pendency of that collateral appeal, after he filed his *pro se* appellate brief, his family retained the services of an attorney, Steven D. Eversole, to represent him. On May 22, 2015, the Alabama Court of Criminal Appeals affirmed the denial of Rule 32 relief in an unpublished memorandum. Neither Eversole nor Englebert filed an application for rehearing in the court of appeals or a petition for certiorari review in the Alabama Supreme Court. As a consequence, the Alabama

---

[2] Rule 32.2(c), ALA. R. CRIM. P., provides in relevant part:

(c) Limitations Period. Subject to the further provisions hereinafter set out in this section, the court shall not entertain any petition for relief from a conviction or sentence [generally] unless the petition is filed ... in the case of a conviction not appealed to the Court of Criminal Appeals, within one (1) year after the time for filing an appeal lapses; ... The court shall not entertain a petition based [a claim relying upon newly discovered material facts] unless the petition is filed within the applicable one-year period specified in the first sentence of this section, or within six (6) months after the discovery of the newly discovered material facts, whichever is later.

Court of Criminal Appeals issued a certificate of judgment on July 15, 2015, terminating the Rule 32 appeal.

On November 12, 2015, Eversole filed application in the state trial court on Englebert's behalf, seeking a writ of habeas corpus under Alabama state law.  The next day, the state court issued an order dismissing the application for want of jurisdiction.  On February 3, 2016, another attorney with Eversole's firm, Sam P. Dixon, III, filed another application for Englebert in the state trial court, this time styled as a motion for an out-of-time appeal.  The state trial judge summarily denied that motion on February 5, 2016.  Englebert did not appeal either of those dismissals.

On April 5, 2016, Englebert, now acting *pro se*, filed this habeas corpus action pursuant to 28 U.S.C. § 2254.  As in his Rule 32 petition, Englebert raises claims alleging that he was denied the effective assistance of counsel in connection with his guilty plea and that, as a result, such plea was not made knowingly and voluntarily.  (Doc. 1 at 5, ¶¶ 12(B), (C); *see also id.* at 25-29).  In addition, Englebert claims that the Alabama state courts erred in denying his Rule 32 petition as untimely under ALA. R. CRIM. P. 32.2(c).  (*Id.*, ¶ 12(A)).  Specifically, Englebert argues that his lack of access to a law library while being held in county jail and various holding facilities after he was convicted "created a state impediment" to timely filing his Rule 32 petition, meaning he should have been afforded a period of "statutory and/or equitable tolling" in state court.  (Doc. 1 at 5, ¶ 12(A); *see also id.* at 12, 19-24).

The magistrate judge's R&R has recommended that Englebert's petition be denied. (Doc. 8).  With regard to Englebert's claims that his guilty plea was involuntary and was the result of trial counsel's ineffectiveness in allegedly misrepresenting Englebert's eligibility for

3

parole and other programs, the magistrate judge recognized that Englebert had raised them in his Rule 32 petition and on his ensuing appeal to the Alabama Court of Criminal Appeals. However, the magistrate judge further found that Englebert had not thereafter filed a petition for certiorari in the Alabama Supreme Court, so Englebert had failed to exhaust those claims. (*Id.* at 4-5). Finally, the magistrate judge determined that those claims were now procedurally defaulted and that Englebert cannot overcome the default. (Id. at 5-7). In support, the magistrate judge recognized that Englebert had made no showing that he was actually innocent of the charges, nor had he made a sufficient showing that he valid cause for the default. (*Id.*) On the latter point, the magistrate judge acknowledged that Englebert had blamed his retained attorney for failing to file an application for rehearing in the court of appeals or a certiorari petition in the Alabama Supreme Court, as required to exhaust the claims. Nonetheless, the magistrate judge determined that Englebert's allegations established that his attorney had not abandoned him, so his counsel's errors at issue were properly chargeable to Englebert himself, precluding a finding that they constituted cause excusing the failure to exhaust. (*Id.*)

## II.

### A.

In his objections to the R&R, Englebert first points out that the magistrate judge did not specifically address his claim asserting that the Alabama state courts improperly denied his petition for post-conviction relief under ALA. R. CRIM. P. 32 as untimely under Rule 32.2(c), ALA. R. CRIM. P. (Doc. 9 at 1). In support, Englebert insists that the Alabama courts erred by failing to deem his Rule 32 petition timely filed based on an application of "statutory and/or equitable tolling," occasioned by his alleged lack of access to a law library for a substantial period following

4

his conviction. Englebert further suggests that this claim is not subject to exhaustion requirements because "the State of Alabama does not have a[n] avenue to raise a statutory tolling claim," so "the Federal District Court was the first place [he] could raise it." (*Id.*)

While it is fair to say that the R&R does not address this claim, it patently does not state a basis for federal habeas relief. To the extent that Englebert is complaining that the Alabama courts erred in their interpretation of the requirements imposed by state law upon petitions for post-conviction relief under Rule 32, such is merely an error of state law for which federal habeas review can provide no relief. The Supreme Court has explained:

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984). Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Just as fundamentally, this claim fails, even assuming that it could have some federal constitutional dimension, because it alleges a violation of legal rights only in connection with the state collateral proceedings. The Eleventh Circuit has stated:

> This Court has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief. *See, e.g., Anderson v. Sec'y for Dep't of Corr.*, 462 F.3d 1319, 1330 (11th Cir. 2006) (per curiam); *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (per curiam). The reasoning behind this well-established principle is straightforward: a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment-*i.e.*, the conviction itself-and thus habeas relief is not an appropriate remedy. *See Quince*, 360 F.3d at 1261-62; *Spradley*, 825 F.2d at 1568.

*Carroll v. Secretary, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009).  Any alleged error committed by the Alabama courts in connection with denying Englebert's Rule 32 petition as untimely or in failing, more specifically, to grant a period of tolling of the limitations period of Rule 32.2(c) based on his lack of access to a law library is simply not grounds for relief under § 2254.  Accordingly, such claims are due to be denied, irrespective of exhaustion.

## B.

Next, Englebert argues, relying on *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012),  that he can establish cause for his failure to exhaust his claim that his guilty plea was involuntary because it resulted from his trial counsel's ineffective, faulty advice about his eligibility for parole and other programs.  In 1991, the Supreme Court recognized generally that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default.  *Coleman v. Thompson*, 501 U.S. 722, 753-55 (1991).  In *Martinez*, however, the Court "qualifie[d] *Coleman* by recognizing a narrow exception."  132 S. Ct. at 1315.  Specifically, the *Martinez* Court held that "where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 132 S. Ct. at 1320.  In this vein, Englebert argues that his counsel, retained during the pendency of his Rule 32 appeal, was ineffective because he failed to apply for rehearing in the Alabama Court of Criminal Appeals or to file a petition for certiorari in the Alabama Supreme Court, as required to exhaust the claim.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th

6

Cir. 2003); *Smith v. Jones*, 256 F.3d 1135, 1140-41 (11th Cir. 2001). He further maintains that, under *Martinez*, such ineffectiveness on the part of his post-conviction counsel constitutes cause excusing the procedural default.

Englebert's reliance on *Martinez* is misplaced. *Martinez* only applies where, due to a lack of counsel or to the ineffective assistance of counsel in the State's "initial-review collateral proceeding," a federal habeas petitioner failed to raise, in that proceeding, a claim of ineffective assistance of trial counsel. Thus, *Martinez* may excuse a procedural default that is founded upon a petitioner's failure to include in a Rule 32 petition, filed in the state trial court, a claim asserting that his counsel at trial rendered ineffective assistance in violation of the Sixth Amendment. But there is no dispute here that Englebert's Rule 32 petition did, in fact, contain his instant claim contending that his trial counsel provided ineffective assistance in connection with advising him about his guilty plea. That claim was then heard and rejected by the state trial court. It was also heard and rejected by the Alabama Court of Criminal Appeals after Englebert pursued a *pro se* appeal from the denial of Rule 32 relief. It was only thereafter that Englebert failed to exhaust the claim by not presenting it to the Alabama Supreme Court. The problem for Englebert is that *Coleman*, not *Martinez*, governs the analysis of attorney negligence or inadvertence in connection with an *appeal* from an initial-review collateral proceeding; at least absent a showing of abandonment or other circumstances severing the attorney's agency, *see Maples v. Thomas*, ___ U.S. ___, ___, 132 S. Ct. 912, 933 (2012), such errors still do not amount to cause. *See Martinez*, 132 S. Ct. at 1320 ("The rule of *Coleman* governs in all but the limited circumstances recognized here. The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings ...."); *Coleman*, 501 U.S.

7

at 755-57 (holding that counsel's failure to file a timely notice of appeal in state collateral review proceedings was not cause excusing the petitioner's procedural default). Accordingly, even if the failure to petition for certiorari in the Alabama Supreme Court was, colloquially speaking, the fault of Englebert's retained attorney, the law sees that omission as an error chargeable to Englebert himself under agency principles, so it is not cause excusing the default.[3]

### III.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's report and recommendation and the petitioner's objections thereto, the court is of the opinion that the magistrate judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**, as revised herein. Petitioner's objections are **OVERRULED**. Accordingly, the petition for a writ of habeas corpus is due to be **DENIED** and this action is due to be **DISMISSED WITH PREJUDICE**. Further, the court concludes that the petition does not present issues that are debatable among jurists of reason, so a certificate of appealability is also due to be **DENIED**. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), RULES GOVERNING § 2254 PROCEEDINGS. A separate Final Judgment will be entered.

---

[3] Englebert's objections do not challenge the magistrate judge's determination that Englebert's counsel did not abandon him such that any failure by counsel to file a certiorari petition in the Alabama Supreme Court was not legally attributable to Englebert. Finally, Englebert is also not entitled to habeas relief to the extent he may be attempting to assert a substantive claim based on the alleged ineffective assistance of his post-conviction attorney. (*See* Doc. 9 at 4). In the first place, there is no constitutional right to counsel in state collateral proceedings. *Coleman*, 501 U.S. at 752 (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989)). And second, as previously discussed in the text, errors in state collateral proceedings cannot impugn the validity of an underlying state conviction or sentence, so they cannot themselves form the basis of federal habeas relief. *See Carroll*, 574 F.3d at 1365.

Done this 23rd day of June 2016.

                                                              /s/ L. Scott Coogler
                                                              L. SCOTT COOGLER
                                                              UNITED STATES DISTRICT JUDGE
                                                                                             182185